# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11cr336

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANTONIO MOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's *pro se* letter filed August 28, 2012. Such correspondence with the court is, yet again, not appropriate for the reasons previously stated. L.Cr.R. 47.1(H). Unlike his previous letter, wherein defendant stated that he had resolved his differences with his counsel, defendant now not only takes issue with his counsel, he attaches correspondence from counsel revealing what were heretofore privileged attorney-client communications. Defendant has done precisely what this court has cautioned him against in filing pleadings pro se pleadings, to wit, he has publicly disclosed what should have remained private legal advice.

In addition to complaints about counsel, defendant now complains about the court, stating that "Defendant feels that Judge Cogburn, Jr. is not being impartial in his [defendant's] case and is a victim of selective prosecution . . . ." Letter (#51), at 2. Defendant then requests a new sentencing judge. Id. Thus far, defendant has filed 19 *pro se* pleadings with the court, all while represented by experienced, privately retained counsel. Defendant has been cautioned that not only do such pleadings violate L.Cr.R. 47.1(H), such un-counseled, published statements could be used against him at sentencing or in other proceedings by the government.

Recusal is appropriate when a judge's "impartiality might reasonably be questioned," see United States v. Mitchell, 886 F.2d 667, 671 (4th Cir.1989) (quoting 28 U.S.C. § 455(a)) (internal quotation marks omitted); however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," see United States v. Lentz, 524 F.3d 501, 530 (4th Cir.2008) (quoting Liteky v. United States, 510 U.S. 540(1994)) (internal quotation marks omitted). Except for his dissatisfaction with this court's denial of his pro se motions, defendant fails to point to any evidence providing a basis to question the court's impartiality. See Mitchell, 886 F.2d at 671. Indeed, the court's rulings have been wholly consistent with law and the cautionary language he cites as a basis for recusal has been provided for *defendant's* benefit.

In addition to not showing any cause for recusal, defendant has failed to show what prejudice he has suffered. Instead, defendant appears to fear that sentencing will be more harsh based on the court denying his pro se pleadings. See Letter (#51), at 2-4. When a court follows rules and cautions a defendant to heed his constitutional right to remain silent (and not provide the government with evidence against himself), defendant's speculation that he will receive a harsher sentence is without basis. Indeed, by cautioning defendant against self incrimination and filing pleadings that could be used against him by the government, the court is doing precisely what it is required to do under the Local Rules, the Federal Rules of Criminal Procedure, and decisions of appellate courts. While defendant's pro se pleadings may well give the government a basis for arguing that defendant has not accepted responsibility, it is defendant's own post-plea conduct that has given the government such ammunition, not any action of the court. Thus, to the extent defendant seeks recusal, such request will be denied.

Finally, it appears that defendant may be requesting that the court fire his retained

attorney and appoint new counsel. As counsel is privately retained, defendant is free to terminate the services of his attorney at any time. The court simply has no say in such decision. Defendant should be aware, however, that if he does so, he not only forgoes the assistance of one of the most experienced and effective attorneys in this district, he runs the risk of being his own counsel if he does not retain new counsel or if the court rejects a subsequent application for appointed counsel. Defendant is advised to discuss this matter with his counsel and if he decides to terminate her services, counsel will file a Motion to Withdraw as well as a protective motion for appointment of new counsel along with a new financial affidavit if defendant cannot afford to hire substitute counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's *pro se* letter filed August 28, 2012, to the extent it seeks relief, is **DENIED** for the reasons herein stated as well as in accordance with Rule 47.1(H), L.Cr.R.

Signed: August 30, 2012

Max O. Cogburn Jr.
United States District Judge